**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ECOFACTOR, INC,<br><br>Plaintiff,<br><br>v.<br><br>VIVINT, INC.,<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff EcoFactor, Inc. ("Plaintiff" or "EcoFactor") makes the following allegations against Defendant Vivint, Inc. ("Defendant"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by EcoFactor: U.S. Patent No. 8,131,497 ("'497 Patent"); U.S. Patent No. 8,423,322 ("'322 Patent"); and, U.S. Patent No. 8,498,753 ("'753 Patent") (collectively the "Asserted Patents").

**PARTIES**

2. EcoFactor is a privately held company, having its principal place of business at 441 California Avenue, Number 2, Palo Alto, CA 94301.[1] EcoFactor was founded in 2006 and is headquartered in Palo Alto, California. EcoFactor is a leader in smart home energy management

[1] Prior to October 2019, EcoFactor's principal place of business was at 1450 Veterans Blvd., Suite 100, Redwood City, CA 94063.

services.   EcoFactor delivers smart home energy management services that improve energy efficiency, reduce energy bills and vastly increase demand response efficacy – all while maintaining consumer comfort.   EcoFactor's patented big-data analytics and machine learning algorithms collect and process massive amounts of residential data – including home thermodynamics, family comfort preferences and schedules, plus external data such as weather – to continually monitor, adapt and learn for optimum energy savings.   The company provides homeowners significant cost savings and energy usage benefits.   EcoFactor's award-winning service has been offered through channel partners such as utilities, energy retailers, broadband service providers and HVAC companies.

3.      EcoFactor has transformed how homes use energy by applying advanced analytics to connected devices in the home.   EcoFactor's platform actively manages thermostats on occupants' behalf in intelligent ways that improve comfort while helping them save time, energy and money.   Utilities, home service providers and homeowners rely on EcoFactor for demand response, energy efficiency, and HVAC performance monitoring services.

4.      The HVAC industry and researchers in the field recognize the technological and commercial impact of EcoFactor's patented technologies and innovations.   For example, EcoFactor's demand response solution has been recognized multiple times from the Association of Energy Services Professionals (AESP) for outstanding achievement in pricing and demand response.   EcoFactor was also named "Innovator of the Year" by San Mateo County Economic Development Association for EcoFactor's automated approach to energy efficiency and demand response services, and has also been named Owler HOT in Redwood City, CA.   Moreover, EcoFactor received Powergrid International's Demand Response/Energy Efficiency Project of the

Year award and was assessed as one of the top innovators with some of the most commercially important smart home patents.

5. Vivint, Inc. ("Vivint") is a Utah corporation with its principal place of business at 4931 North 300 West, Provo, Utah 84604.

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

8. Venue is proper in this District under 28 U.S.C. § 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the asserted patents. Defendant has at least one regular and established place of business in the District, including a sales and retail location at the address 8 Allstate Rd, Boston, Massachusetts 02125.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,423,322

9.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

10.     Plaintiff is the owner and assignee of United States Patent No. 8,423,322  titled "System and method for evaluating changes in the efficiency of an HVAC system."  The '322 patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 2013.  Plaintiff is the owner and assignee, possessing all substantial rights, to the '322 Patent.  A true and correct copy of the '322 Patent is attached as Exhibit 1.

11.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain smart thermostat products ("Accused Products"), such as the Vivint Element, CT200, CT100, and SkyControl, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '322 Patent.

12.     Defendant also knowingly and intentionally induces infringement of one or more claims of the '322 Patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '322 Patent and the infringing nature of the Accused Products since at least October 21, 2019, when Plaintiff filed a complaint in the International Trade Commission alleging infringement of the '322 Patent by Defendant.  Despite this knowledge of the '322 Patent, Defendant continues to actively encourage and instruct their customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '322 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '322 Patent, thereby

specifically intending for and inducing their customers to infringe the ’322 Patent through the customers’ normal and customary use of the Accused Products.

13. The Accused Products satisfy all claim limitations of one or more claims of the ’322 Patent. A claim chart comparing independent claim 1 of the ’322 Patent to representative Accused Products, is attached as Exhibit 2.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the ’322 Patent pursuant to 35 U.S.C. § 271.

15. As a result of Defendant’s infringement of the ’322 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

16. Defendant’s infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the ’322 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

17. Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the ‘322 Patent, through making, using, selling, offering to sell and/or importing Accused Products with knowledge, since at least October 21, 2019 (as explained above), that these activities infringe the ‘322 Patent. Plaintiff is therefore entitled to enhanced damages.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 8,131,497**

18. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. Plaintiff is the owner and assignee of United States Patent No. 8,131,497 titled "System and method for calculating the thermal mass of a building." The '497 patent was duly and legally issued by the United States Patent and Trademark Office on March 6, 2012. Plaintiff is the owner and assignee, possessing all substantial rights, to the '497 Patent. A true and correct copy of the '497 Patent is attached as Exhibit 3.

20. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain smart thermostat products ("Accused Products"), such as the Vivint Element, CT200, CT100, and SkyControl, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '497 Patent.

21. Defendant also knowingly and intentionally induces infringement of one or more claims of the '497 Patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '497 Patent and the infringing nature of the Accused Products since at least October 21, 2019, when Plaintiff filed a complaint in the International Trade Commission alleging infringement of the '497 Patent by Defendant. Despite this knowledge of the '497 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '497 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '497 Patent, thereby specifically

intending for and inducing its customers to infringe the ’497 Patent through the customers’ normal and customary use of the Accused Products.

22. The Accused Products satisfy all claim limitations of one or more claims of the ’497 Patent. A claim chart comparing independent claims 1 and 7 of the ’497 Patent to representative Accused Products, is attached as Exhibit 4.

23. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the ’497 Patent pursuant to 35 U.S.C. § 271.

24. As a result of Defendant’s infringement of the ’497 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

25. Defendant’s infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the ’497 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

26. Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the ‘497 Patent, through making, using, selling, offering to sell and/or importing Accused Products with knowledge, since at least October 21, 2019 (as explained above), that these activities infringe the ‘497 Patent. Plaintiff is therefore entitled to enhanced damages.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,498,753

27.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28.     Plaintiff is the owner and assignee of United States Patent No. 8,498,753 titled "System, method and apparatus for just-in-time conditioning using a thermostat."  The '753 patent was duly and legally issued by the United States Patent and Trademark Office on July 30, 2013. Plaintiff is the owner and assignee, possessing all substantial rights, to the '753 Patent.  A true and correct copy of the '753 Patent is attached as Exhibit 5.

29.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain smart thermostat products ("Accused Products"), such as the Vivint Element, CT200, CT100, and SkyControl, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '753 Patent.

30.     Defendant also knowingly and intentionally induces infringement of one or more claims of the '753 Patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '753 Patent and the infringing nature of the Accused Products since at least October 21, 2019, when Plaintiff filed a complaint in the International Trade Commission alleging infringement of the '753 Patent by Defendant.  Despite this knowledge of the '753 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '753 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '753 Patent, thereby specifically

intending for and inducing its customers to infringe the ’753 Patent through the customers’ normal and customary use of the Accused Products.

31. The Accused Products satisfy all claim limitations of one or more claims of the ’753 Patent. A claim chart comparing independent claims 1, 9 and 15 of the ’753 Patent to representative Accused Products, is attached as Exhibit 6.

32. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the ’753 Patent pursuant to 35 U.S.C. § 271.

33. As a result of Defendant’s infringement of the ’753 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

34. Defendant’s infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the ’753 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

35. Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the ‘753 Patent, through making, using, selling, offering to sell and/or importing Accused Products with knowledge, since at least October 21, 2019 (as explained above), that these activities infringe the ‘753 Patent. Plaintiff is therefore entitled to enhanced damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '322 Patent, the '497 Patent, and the '753 Patent;

b. A judgment in favor of Plaintiff that Defendant's infringement of the '322 Patent, the '497 Patent, and the '753 Patent has been willful and egregious under 35 U.S.C. § 284;

c. A permanent injunction prohibiting Defendant from further acts of infringement of the '322 Patent, the '497 Patent, and the '753 Patent;

d. A judgment and order requiring Defendant to pay Plaintiff its damages, enhanced damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '322 Patent, the '497 Patent, and the '753 Patent;

e. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: November 12, 2019

Respectfully submitted,

*/s/ David S. Godkin*

David S. Godkin (BBO#196530)
James E. Kruzer (BBO#670827)
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210
Telephone: (617) 307-6100
Facsimile: (617) 307-6101
godkin@birnbaumgodkin.com
kruzer@birnbaumgodkin.com

***Attorneys for Plaintiff EcoFactor, Inc.***

OF COUNSEL:

Reza Mirzaie
Marc A. Fenster
Paul A. Kroeger
C. Jay Chung
Jacob R. Buczko
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
prkoeger@raklaw.com
jchung@raklaw.com
jbuczko@raklaw.com